## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT GENE GARCIA,

*Plaintiff,*

vs.

Case No. 14-cv-3066-EFM-DJW

(FNU) WADDINGTON, et al.

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Robert Gene Garcia, a former inmate at Larned Correctional Mental Health Facility ("Larned"), brings this suit against Defendant Erica Newport[1] alleging medical malpractice and violation of his Eighth Amendment rights under 42 U.S.C. § 1983.  This matter is presently before the Court on Newport's Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. 46) and Garcia's Motion for Injunctive Relief (Doc. 45).  Because the Court finds that Garcia has failed to show a genuine issue of material fact regarding whether Newport acted with deliberate indifference towards him, the Court grants Newport's Motion for

---

[1] There has been some confusion regarding Defendant Newport's name throughout the course of this lawsuit.  Garcia refers to both "Nurse Brown" and "Nurse Newport" in his pleadings, and the Court previously dismissed Brown from this action because her name was never mentioned in the original Complaint.  After determining that Brown and Newport are actually the same person, the Court allowed this case to proceed against Defendant Erica Brown a/k/a Erica Newport.  The Court will refer to Defendant as "Newport" throughout this Order.

Summary Judgment.  Accordingly, the Court denies Garcia's Motion for Injunctive Relief as moot.

## I.      Factual and Procedural Background[2]

**Local Rules for Summary Judgment**

Under D. Kan. R. 56.1(a), "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."  Subsection (d) of that Rule further states that, "[a]ll facts upon which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of the pleadings, depositions, answers to interrogatories, and responses to requests for admissions."  Garcia agrees with many of Newport's statements of fact.  But for those facts he disagrees with, he fails to follow D. Kan. R. 56.1(d).  Specifically, Garcia does not provide authenticated, supporting documents as evidence that the fact is controverted.  The Court declines to overlook this issue simply because Garcia proceeds *pro se*, especially when it previously held that "the non-movant's duty to admit or deny allegations of fact is a well-established procedural rule in Fed. R. Civ. P. 56 and is not too complex for a pro se litigant to understand and follow."[3]  Furthermore, Newport informed Garcia of his obligations under Fed. R. Civ. P. 56 and D. Kan. R. 56.1 when she sent him the Notice to

---

[2] Because Newport relies heavily on the *Martinez* Report and the documents cited in support of it, the Court construes Newport's Motion to Dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d) (stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wells v. Shalala*, 228 F.3d 1137, 1140 n.1 (10th Cir. 2000); *see also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding that the plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).  The Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party in accordance with summary judgment procedures.

[3] *Beams v. Norton*, 256 F. Supp. 2d 1203, 1206 (D. Kan. 2003) (citing *Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1231-32 n.6 (D. Kan. 2002)).

Pro Se Litigant Who Opposes a Motion for Summary Judgment.  The Court therefore finds that Newport's Statement of Facts is uncontroverted.

**Facts**

Plaintiff Robert Gene Garcia is a former inmate at Larned Correctional Mental Health Facility.[4]   At the time of the incident in question, Defendant Erica Newport was a nurse at Larned.  Garcia suffers from diabetes, and on July 5, 2013, he was taken off his diabetic diet, per his request.  Three days later, on July 8, 2013, at approximately 6:30 a.m., Garcia reported to Newport for purposes of obtaining his blood sugar.  While having his blood taken, Garcia also complained to Newport of diarrhea and provided her with two hemoccult cards that were positive for blood.  This was the first time Newport had heard of Garcia's complaints of diarrhea and blood in his stool.  Newport completed a diarrhea flowsheet based on her interaction with Garcia and obtained his vitals.  The test results showed that Garcia's blood sugar level was 417.

At approximately 7:07 a.m., Newport contacted the on-call health care provider, Dr. Danny Stanton, and reported the elevated blood sugar, diarrhea, and two positive hemoccult cards.[5]   Dr. Stanton entered an order for Garcia's ibuprofen to be discontinued, a stat DP3 lab to be performed, and for Garcia to go on a clear liquid diet and increase his fluid intake.  Dr. Stanton also entered a lay-in cell order because there was no room in the clinic for Garcia.  The clinic at Larned has five rooms, and all five rooms were already occupied by other patients.

---

[4] Garcia's current residence is Lansing Correctional Facility.

[5] Per policy, any time a blood sugar reading is above 400, the nurse must contact the on-call health care provider.

At approximately 10 a.m., pursuant to Dr. Stanton's DP3 lab order, Garcia was brought to the clinic to obtain labs.  Newport remembers that another nurse examined Garcia during the lab draw.  Afterwards, Garcia was again advised to return to his cell to wait for the doctor to arrive because there was still no room at the clinic.  If Garcia did not return to his cell, he would have had to sit on a bench outside the clinic.

Sometime after Garcia's 10 a.m. lab draw, but before 1 p.m., Newport became aware that Garcia's health was further declining.  Upon this realization, Newport spoke to her supervisor.  At 1:07 p.m., while in the process of contacting the on-call health care provider about transferring Garcia to the hospital, a medical code was called for him.  Responding to this code, Newport found Garcia in his cell barely responsive and surrounded by blood.  Garcia was immediately transferred to the hospital by EMS.

After the incident, Dr. Stanton performed a full physical on Garcia in November 2013.  During the physical, Garcia did not have any complaints about the treatment he received on July 8, 2013.  In addition, both an EEG completed in February 2014 and a CT scan performed in June 2014 were normal.

Garcia filed this suit *pro se* on April 22, 2014.  On November 6, 2015, Garcia filed an Amended Complaint against Defendants Kansas Department of Corrections ("KDOC"), Correct Care Solutions, Warden (fnu) Waddington, and Erica Brown (a/k/a Defendant Newport) alleging claims of violation of free speech, violation of his Eighth Amendment rights, double jeopardy, and medical malpractice.  The Amended Complaint also seeks damages of twenty-five million dollars and for immediate release from confinement.  The Court dismissed Garcia's claims against KDOC, Correct Care Solutions, and Warden Waddington on April 5, 2016.  In that same Order, the Court also dismissed Garcia's free speech and double jeopardy claims and Garcia's

request for immediate release from confinement.  The Court further specified that "[t]his action proceeds under 42 U.S.C. § 1983."  On June 10, 2016, KDOC filed a *Martinez* Report, to which Garcia responded.  In his response, Garcia reiterated his request for release from confinement through a Request for Injunctive Relief.  Newport, the sole remaining defendant, subsequently filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  Both Garcia's Request for Injunctive Relief and Newport's Motion to Dismiss or in the Alternative, Motion for Summary Judgment are currently before the Court.

## II.    Analysis

### A.    Newport's Motion for Summary Judgment

#### 1.    *Legal Standard*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[6] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[7]  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[8]  If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational

---

[6] Fed. R. Civ. P. 56(c).

[7] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

trier of fact could find for the nonmovant.[9]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[10]  The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[11]

Because Garcia is pursuing this action *pro se*, the Court must be mindful of additional considerations.  The Court will review his pleadings "liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[12]  However, the Court will not assume the role of advocate for the *pro se* litigant.[13]  Likewise, Plaintiff's *pro se* status does not relieve him from the obligation to comply with procedural rules, including the Federal Rules of Civil Procedure.[14]

### 2.    *Garcia's § 1983 Claim*

Garcia asserts an Eighth Amendment claim for denial of medical treatment.  To prevail on such a claim, an inmate must show "deliberate indifference to serious medical needs."[15]  The "deliberate indifference" standard has two components:  (1) "an objective component requiring

---

[9] *Id.* (citing Fed. R. Civ. P. 56(e)).

[10] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[11] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[12] *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (quotations omitted).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[14] *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

[15] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

that the pain or deprivation be sufficiently serious" and (2) "a subjective component requiring that the [prison] officials act with a sufficiently culpable state of mind."[16]

The subjective component is satisfied "if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."[17]   The official must "consciously disregard a substantial risk of harm."[18] Furthermore, mere negligence does not constitute a valid claim for medical mistreatment under the Eighth Amendment.[19]  "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met."[20]  "The prisoner's right is to medical care-not to the type and scope of medical care he personally desires."[21]

Applying these standards, the Court finds that Garcia has not met his burden at summary to show a genuine issue of material fact regarding whether Newport was deliberately indifferent to his medical needs.  Specifically, Garcia has not met his burden with regard to the subjective component of the deliberate indifference test.  On the morning of July 8, Garcia presented with a complex situation—an elevated blood sugar and complaints of bloody stools.  In response, Newport completed the necessary paperwork and contacted the on-call health care provider for

---

[16] *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citing *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)).

[17] *Mata v. Sietz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks and citation omitted).

[18] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1170 (D. Kan. 2006) (quoting *Farmer*, 511 U.S. at 837-38) (internal quotation marks omitted).

[19] *Estelle*, 429 U.S. at 106.

[20] *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

[21] *Dalton v. Aulepp*, 2015 WL 728490, at *9 (D. Kan. Feb. 19, 2005).

orders on how to proceed.  Garcia claims that Newport's failure to give him insulin at this time is evidence of deliberate indifference, but this is not the case.  As a registered professional nurse, Newport's role was to serve as a gatekeeper for other medical personnel capable of treating Garcia's condition.  In the Tenth Circuit, such gate-keepers are only liable under the deliberate indifference standard if they delay or refuse to fulfill their gatekeeper role.[22]  There is no evidence that Newport delayed in calling the on-call provider or in following his orders.   Even when Garcia's condition worsened, there is no evidence that Newport acted with a culpable state of mind.  Newport continued to monitor Garcia's condition throughout the morning and had him return to his cell where he would be more comfortable rather than force him to wait on a bench outside the clinic.  When Newport saw that Garcia's condition was deteriorating rapidly, she immediately began working on orders to have him transferred to the hospital.  The Court recognizes that Garcia sustained extensive, unfortunate injuries because of his medical conditions, but Garcia simply has not produced any evidence showing that Newport "consciously disregard[ed] a substantial risk of harm."[23]  Therefore, Garcia's Eighth Amendment claim fails.

### 3.    *Garcia's Medical Malpractice Claim*

In its Order of April 5, 2016, the Court acknowledged that it did not have jurisdiction over state tort claims and stated that "this action proceeds under 42 U.S.C. § 1983."  Despite this Order, Garcia continues to argue that he is asserting a negligence claim under Kansas law.  This claim fails, however, because the Court does not have jurisdiction over it.

---

[22] *See Mata*, 427 F.3d at 751, 759 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2011)) (finding that a nurse was not deliberately indifferent to a patient's serious medical needs when she reported the patient's symptoms to the nurse practitioner in accordance with the Colorado Department of Corrections' protocol).

[23] *Thomas*, 428 F. Supp. 2d at 1170 (citation omitted).

Garcia cannot assert a state tort claim under 42 U.S.C. § 1983.  It is well-established that "[s]ection 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law."[24]  Thus, this Court lacks subject matter jurisdiction over state tort claims of negligence, such as medical malpractice.[25]

Even if Garcia does not assert his medical malpractice claim under § 1983, this Court still does not have jurisdiction over it because it is the only remaining claim in this case.  Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  Here, the Court dismissed Garcia's § 1983 claim—the only claim over which it had original jurisdiction.  Accordingly, the Court declines to assert supplemental jurisdiction over any negligence claim that Garcia may be asserting in this case.

**B.**     **Garcia's Motion for Injunctive Relief**

In response to the *Martinez* report, Garcia filed a Request for Injunctive Relief asking for "immediate release from his incarceration."  The Court previously denied Plaintiff's request for such relief in its April 5, 2016 Order explaining that "release from confinement is not a remedy available for claims regarding conditions of confinement."  Having already found that such relief is unavailable, the Court declines to re-address the issue here.  Furthermore, because the Court has granted summary judgment in Newport's favor on all of Garcia's remaining claims, Garcia's request for injunctive relief is moot.

---

[24] *Jones v. City and Cty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988).

[25] *See generally Fulcher v. Sawyer*, 1999 WL 297495, at *1 (D. Kan. April 6, 1999) (finding that the Court lacks subject matter jurisdiction over state law tort claims).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Injunctive Relief (Doc. 45) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 13th day of October, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE